*JUDGE BERMAN*

Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
175 Varick St
New York, NY 10014
(646) 723-4376
(646) 786-3250 (fax)
*Attorney for Plaintiff*

**14 CV 2945**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

**OXANA KAITOVA,**

**Plaintiff,**

v.

**RESTAURANT 597, INC., d/b/a BUS STOP CAFÉ, and ANASTASIOS HATZIIOANNIDIS**

**Defendants.**
------------------------------------------------------x

**INDEX NO:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

RECEIVED
APR 25 2014
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, Oxana Kaitova, by and through her attorneys, Law Office of Finn W. Dusenbery, alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

### NATURE OF CLAIM

      1.    This case asserts claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.*, and the New York City Human Rights Law, N.Y. Admin. Code §§ 8-101 *et seq.* Defendants failed to properly compensate Plaintiff for overtime, failed to give her the notices required under New York Labor Law § 195, subjected Plaintiff to religious discrimination/harassment, and unlawfully terminated her employment.

## JURISDICTION, VENUE, AND PARTIES

2.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state and city claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue herein is proper as Defendants are residents and conduct business in New York County, and the unlawful practices occurred in this county.

4.      Defendant Restaurant 597, Inc., d/b/a Bus Stop Café ("Bus Stop Café") is a restaurant located at 597 Hudson St, New York, NY 10014.

5.      Upon information and belief, Bus Stop Café has an annual gross volume of sales in excess of $500,000.

6.      Upon information and belief, Defendant Anastasios Hatziionnidis is the owner and chief executive officer of Bus Stop Café and exercises sufficient control of Bus Stop Café's day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

7.      Defendant Hatziionnidis has the power to hire and fire employees. For example, Defendant Hatziionnidis hired and fired Plaintiff.

8.      Defendant Hatziionnidis has the power to set employees' schedules. For example, Defendant Hatziionnidis refused to change Plaintiff's schedule so she could observe Ramadan.

9.      Plaintiff worked for Defendants from about June 2008 to April 2013 in two roles: 1) as a waitress serving tables; and 2) working behind the restaurant's counter taking orders and answering the phone.

10.     At all times relevant, Defendants Bus Stop Café and Hatziionnidis employed four (4) or more employees.  Accordingly, Defendants Bus Stop Café and Hatziionnidis meet the definition of "employer" under all applicable statutes.

## FACTS

11.     Plaintiff began working at Bus Stop Café in or around June 2008.

12.     Throughout her employment with Defendants, Plaintiff worked a total of about forty-five (45) hours per week.

13.     For about thirty-six (36) hours per week, Plaintiff worked as a waitress serving customers and was generally paid the tipped minimum wage, $5.00 per hour.

14.     For about nine (9) hours per week, on Tuesdays, Plaintiff worked behind the counter of the restaurant, taking orders and answering phones, and was generally paid $11.00 per hour.

15.     For the five (5) hours of overtime per week that Plaintiff worked, Plaintiff was generally paid $8.63 per hour, and was not paid a blended overtime rate based on a combination of her regular rates for waitressing and work behind the counter.

16.     Sometimes, Defendants paid Plaintiff a regular hourly rate lower than the New York minimum wage and an overtime rate of one and a half times that regular rate, which is an incorrect calculation of the tipped overtime rate.  ???

17.     Defendant generally paid Plaintiff overtime in cash.  ???

18.     Plaintiff never discussed or agreed to the computation of her rates of pay with Defendants.

19.     Defendants never provided Plaintiff with the notices required by New York Labor Law § 195.

20.     Plaintiff is a Muslim woman.

21.     Upon information and belief, Defendant Hatziionnidis was not aware of Plaintiff's religion when he hired her.

22.     In July 2012, Plaintiff asked Defendant Hatziionnidis asked to change her schedule so she could attend Mosque for Ramadan.  Defendant Hatziionnidis refused and told Plaintiff, "Don't bother with this bullshit anymore."

23.     Following this incident, Defendant Hatziionnidis said throughout the rest of Plaintiff's employment that Plaintiff "belongs to [terrorists]" on a monthly basis.

24.     Throughout the rest of Plaintiff's employment, Defendant Hatziionnidis asked Plaintiff on a monthly basis how many wives her husband had, implying that Muslims are polygamists.

25.     In or around fall 2012, Defendant Hatziionnidis told a manager at Bus Stop, Joanna Doumas, in substance, that Defendant Hatziionnidis was going to fire Plaintiff because she was a Muslim.

26.     About a week before firing Plaintiff, and in front of Plaintiff's co-workers, Defendant Hatziionnidis further said, "You don't like the schedule, ask Allah to give you a schedule."

27.     In or around April 2013, Defendant Hatziionnidis fired Plaintiff.

28.     Defendants fired Plaintiff because of her religion.

29.     As a result of Defendants' unlawful discrimination/harassment, Plaintiff has suffered emotional distress and lost wages.

## FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**

1.      Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

2.      Throughout the relevant statute of limitations period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

3.      At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff has been and is entitled to overtime.

4.      At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

5.      Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs., tit. 12, §§ 137-1.3, 1.4; 146-1.4)**

1.      Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

2.      It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

3.      Throughout the relevant statute of limitations period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

4.      Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the New York Labor Law for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

1.      Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

2.      Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

3.      As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs as provided for by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York State Human Rights Law ("NYSHRL"),**
**N.Y. Exec. L. §§ 290 *et seq.* – Religious Discrimination)**

30.      Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31.      In violation of the NYSHRL, Defendants intentionally discriminated against Plaintiff on the basis of her religion by terminating Plaintiff's employment.

32.     In violation of the NYSHRL, Defendants subjected Plaintiff to a hostile work environment because of her religion.

33.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past and future salary.

34.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, she has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation and anguish.

35.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (New York City Human Rights Law ("NYCHRL")
### N.Y. Admin. L. §§ 8-101 *et seq.* – Religious Discrimination)

36.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37.     In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her religion by harassing Plaintiff and terminating Plaintiff's employment.

38.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past and future salary.

39.     As a direct and proximate consequence of Defendants' discrimination against Plaintiff, she has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress and physical pain and suffering.

40.     Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

41.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a)     An award of damages, according to proof, to be paid by Defendants;

(b)     Liquidated damages, punitive damages, and penalties available under applicable laws;

(c)     Pre-judgment and post-judgment interest, as provided by law;

(d)     An award of monetary damages including, but not limited to, backpay, lost income, including past salary, future salary, and company-sponsored benefits, in an amount to be determined at trial, together with interest thereon from the time of the initial loss until satisfaction of judgment and post-judgment interest thereon;

(e)     An award of non-monetary damages including, but not limited to, compensation for her humiliation and emotional distress and suffering, in an amount to be determined at trial, and punitive damages, together with interest thereon from the time of the initial loss until satisfaction of judgment as well as with post-judgment interest thereon;

8

... 

(g)    Costs of this action, together with reasonable attorney's fees; and

(h)    Grant plaintiff such other and further relief this Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all counts so triable.

Dated: New York, New York
       April 25, 2014

Respectfully submitted,

LAW OFFICE OF FINN W. DUSENBERY

By: _Finn Dusenbery_
    Finn W. Dusenbery
    175 Varick St
    New York, NY 10014
    Tel: (646) 723-4376
    Fax: (646) 786-3250

*Attorney for Plaintiff*